E-FILED
Tuesday, 11 August, 2026 10:10:30 AM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

LAURENCE LOVEJOY,
  Plaintiff,

v.

             Case No. 3:26-cv-03134-JEH

BRITTANY GREENE, *et al.*,
  Defendants.

### Merit Review Order

Plaintiff, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Western Illinois Correctional Center ("Western"). (Doc. 1). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

### I

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### II

Plaintiff files suit against Wardens Brittany Greene and Maher, Assistant Warden Tara Goins, Illinois Department of Corrections ("IDOC") Director Latoya

Hughes, Americans with Disabilities Act ("ADA") Coordinator Kendall Kestner, Counselor Erin Shoopman, Medical Director John Wilkerson, Healthcare Unit Administrator ("HCUA") Burke, Dr. Gordon, Dr. Miller, Nurse Practitioners Shana Clarkson and Law, Governor J.B. Pritzker, Centurion Health LLC ("Centurion"), and Wexford Health Sources Inc. ("Wexford").

Plaintiff alleges Defendants Greene and Maher refused to respond to some of his grievances and prevented him from properly appealing his grievances. As a result, Plaintiff claims the grievance process was unavailable to him.

On April 25, 2025, Plaintiff fell when he tried to climb into the upper bunk and injured his left ankle and foot. After the fall, Plaintiff slept on the floor for nine days. Plaintiff alleges Defendants Dr. Gordon and HCUA Burke failed to issue him a low bunk permit.

Plaintiff alleges he suffers from chronic migraines. On May 13, 2025, Plaintiff was sent to an outside specialist and prescribed medication. Plaintiff alleges medical staff at Western refused to provide the prescribed medication. Plaintiff alleges Defendant Centurion has a custom or practice of delaying or denying treatment recommended by specialists and deferring to alternative treatment plans for non-medical reasons.

On July 3, 2025, Plaintiff alleges he was placed in overly tight handcuffs during a lockdown. Plaintiff alleges he now has difficulty gripping and maintaining a tight hold on things due to numbness and tingling in his fingers. Plaintiff alleges he submitted numerous sick call slips but was never called for sick call. Plaintiff alleges Defendants Dr. Miller, Nurse Practitioner Law, HCUA Burke, and Medical Director Wilkerson "turned a blind eye to the substantial risk of serious harm" and were deliberately indifferent to his serious medical needs. (Doc. 1 at p. 15).

On March 24, 2026, Plaintiff informed Defendant Dr. Miller that Excedrin was ineffective for treating his migraines, but Defendant Miller allegedly refused to prescribe a different medication. Plaintiff also told Defendant Miller that he fell and hurt his left ankle and foot on April 25, 2025, and was having problems walking because of the extreme pain. Defendant Miller allegedly refused to examine Plaintiff's foot and did not prescribe pain medication. Plaintiff also alleges he told Defendant Miller about the pain, tingling, and numbness in his fingers caused by the overly tight handcuffs, but Defendant Miller did not prescribe pain medication or send Plaintiff to physical therapy.

Plaintiff alleges Defendant Nurse Practitioner Clarkson refused to see him because he filed a lawsuit against her.

Plaintiff alleges Defendants Governor Pritzker and Director Hughes knew he was not receiving medical care and failed to take action.

Plaintiff claims that Defendant Counselor Shoopman refused to help him resolve his complaints regarding Defendants ADA Coordinator Kestner and Wardens Greene and Maher. Plaintiff alleges Defendant Shoopman failed to ensure he received medical care.

Plaintiff alleges the IDOC violated the ADA by denying him batteries for his hearing aids and refusing to give him a lower bunk. Plaintiff also claims the IDOC retaliated against him for filing complaints and grievances by restricting his access to the law library, causing him to miss important deadlines.

Finally, Plaintiff alleges Defendant Wexford "instituted a policy, custom, or practice of providing inadequate medical care" to Plaintiff and other inmates. *Id.* at p. 26. Plaintiff also alleges Defendant Wexford's "custom of discrimination against [him] is persistent and widespread." *Id.*

3

## III

Plaintiff's claims are not properly joined in one lawsuit. Unrelated claims against the same Defendant may be joined in one action, but different Defendants can be joined in one action only if the claims against them arise from the same series of transactions or occurrences. Fed. R. Civ. P. 18, 20; *Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013) (court "can require the plaintiff 'to file separate complaints, each confined to one group of injuries and defendants.'") (quoted cite omitted); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits….").

Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE as a violation of Federal Rules of Civil Procedure 18 and 20. The Court will give Plaintiff a final opportunity to file an Amended Complaint within 30 days of this Order. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice.

## IV

Plaintiff filed a Motion to Request Counsel asking the Court to appoint an attorney to represent him. (Doc. 4). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). When evaluating a Motion to Request Counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so;

4

and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 655.

Plaintiff states he wrote to five law firms but did not receive any responses. Demonstrating a reasonable effort to obtain representation typically requires submitting letters from several attorneys declining assistance and copies of any documents which show Plaintiff tried to find an attorney. *See Olson*, 750 F.3d at 711. Plaintiff has not demonstrated a reasonable attempt to secure his own lawyer. Because Plaintiff has not satisfied the first prong of *Pruitt*, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's Motion is DENIED, with leave to renew. If Plaintiff renews his Motion, he is directed to attach copies of letters he sent to or received from prospective counsel, list the attorneys or law firms he contacted, and indicate whether he received a response.

**IT IS THEREFORE ORDERED:**

1)      Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE as a violation of Federal Rules of Civil Procedure 18 and 20. Plaintiff is given a final opportunity to file an Amended Complaint within 30 days of this Order. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim, this matter will be dismissed with prejudice. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety. Piecemeal amendments are not accepted.

2)      Plaintiff's Motion to Request Counsel [4] is DENIED, and Plaintiff's Motion for Status [14] is MOOT.

*It is so ordered.*

Entered: August 11, 2026

s/Jonathan E. Hawley
U.S. District Judge